UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALCOLM BERNARD WILEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2161 |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO DISMISS

**I.**

On this day, the Court considered the defendant's, JP Morgan Chase Bank, N.A., motion to dismiss (Doc. 3). It appears from the pleadings and motion that the plaintiff purchased an interest in property located at 3315 Labin Lane, Katy Texas at a Constable's sale arising out of a judgment lien. At the time, the property was burdened with a mortgagee's lien which lien is superior to the judgment lien and held by the defendant. In other words, when the plaintiff purchased the property at the Constable's sale, he purchased a position that was inferior or junior to that of the defendant. *See W. Trinity Properties, LTD v. Chase Manhattan Mortg. Corp.*, 92 S.W.3d 866, 869 (Tex. App—Texarkana 2002, no pet.). The plaintiff is *pro se* and has failed to timely, or otherwise, respond to defendant's motion. Therefore, the status of the defendant's motion is unopposed. Nevertheless, the Court has reviewed the documents on file including the pleading, motion and exhibits and, having done so, is of the opinion that the defendant's motion should be granted.

**II.**

It is claimed by the plaintiff, in his pleadings, that the defendant has by its foreclosure, committed "conversion" and has, by its conduct cause a "cloud" to be placed on his title.

However, he was not state a cause of action for "conversion," or to "quiet title," or any other claim that naturally flows from his judgment lien.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

### III.

The Court **HOLDS** that the Constable's sale of the judgment lien, and that the plaintiffs purchase does not extinguish the superior lien held by the defendant. Hence, the superior lien existed prior to the judgment lien, therefore, the judgment lien cannot create a cause of action in

behalf of the plaintiff. The plaintiff has failed to state a claim of action for conversion or to quiet title; therefore, the defendant's motion to dismiss the plaintiff's suit is Granted. The suit is DISMISSED with prejudice. Each party to bear his/its own expenses.

It is so ORDERED.

SIGNED on this 16th day of October, 2017.

_____
Kenneth M. Hoyt
United States District Judge